Dear Representative McMains:
This office is in receipt of your opinion request concerning disability benefits and workmen's compensation. You specifically ask us to consider the following, "(What is) the method by which the reduction of workmen's compensation benefits required by Louisiana Revised Statutes 23:1225 (C)(1) are to be made," and also ask us to consider who may benefit from this reduction.
In addressing your inquiry, we look first to the statute in question, which provides,
"§ 1225. Reductions when other benefits payable
* * *
C. (1) If an employee receives remuneration from:
 (a) Benefits under the Louisiana Worker's Compensation Law.
 (b) Old-age insurance benefits received under Title II of the Social Security Act to the extent not funded by the employee.
 (c) Benefits under disability benefit plans in the proportion funded by an employer.
 (d) Any other worker's compensation benefits, then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the worker's compensation benefit, so that the aggregate remuneration from subparagraphs (a) through (d) of this Subsection shall not exceed sixty-six and two-thirds percent of his weekly wage."
The statute itself does not provide the method by which the reduction should be made. It also does not provide to whom this benefit is applicable. Since the statute is absent of any express language, we look to other statutes concerning worker's compensation and to the controlling jurisprudence.
We first consider the issue of who is entitled to the benefit of the reduction provided for in LSA-R.S. 23:1225 (C)(1). This statute has been recently interpreted by the Louisiana Supreme Court in Garret v. Seventh Ward General Hospital. 95-0017 (La. 9/22/95), 660 So.2d 841. In Garret, the court came to the conclusion that,
 "Section 1225 C(1) thus provides Louisiana employers with an offset against their worker's compensation obligation of benefits provided by different employer-based sources and establishes a sort of state ceiling of benefits." Id at 8,845
It is apparent from the language of the court that the benefit under the reduction portion of the statute is to go to the employer.
The Louisiana First Circuit Court of Appeal also addressed the statute in Fontenot v. Trans Gulf, Inc., 95-0342 (La.App. 1 Cir. 11/9/95), 664 So.2d 1238. In following Garret, the court concluded,
 "Section 1225 (C)(1) is designed to add all the benefits not funded by the employee, and if the combined benefits exceed 66 2/3 percent of the employee's average weekly wage, the employer is entitled to an offset of the excess against its worker's compensation obligation." Id at 18, 1250.
Once again, the court recognized the benefit conferred by this statute as applying to the employer and his worker's compensation obligation. The court did not provide for an offset to the disability insurer.
We next consider the issue of the method by which the reduction should be made. LSA-R.S. 23:1310.3, concerning the jurisdiction of an administrative hearing officer, provides in pertinent part,
 "E. Except as otherwise provided by R.S. 23:1101
(D) and 1378 (E), the hearing officer shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter (10)."
As the method of reduction and the amount of reduction is provided for in Chapter 10 of the Revised Statutes governing Labor and Worker's Compensation, it falls within the exclusive jurisdiction of the administrative hearing officer. For your reference, the position of administrative hearing officer is created via LSA-R.S. 23:1310.1. The court, in Fontenot, also provides some guidance as to the method by which the offset is made. The court remanded to the administrative hearing officer following its decision, so that the hearing officer could make a determination as to the appropriate offset to be awarded to the employer and LIGA. Id at 18, 1250.
In conclusion, it is the opinion of this office that the offset reduction provided for in LSA-R.S. 23:1225C(1) is to the benefit of the employer's worker's compensation obligation. The method by which the reduction is to be made is to be determined by the administrative hearing officer assigned to the case.
If this office may be of any further assistance to you, please contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ J. RICHARD WILLIAMS Assistant Attorney General
RPI:JRW:glb